```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,     )
                              )
               Plaintiff,     )         8:00CR307
                              )
          v.                  )
                              )
WALTER HARRIS,                )            ORDER
                              )
               Defendant.     )
_____)
```

This matter is before the Court on defendant's motions to reduce sentence and request for evidentiary hearing and oral argument (Filing Nos. 118 and 121). The defendant seeks an evidentiary hearing regarding the application of recent Supreme Court decisions to a determination of his sentence. The modification of sentence in this case results from the Sentencing Commission's decision that the changes in the offense levels for crack cocaine should be treated as retroactive. Section 1B1.10 specifically applies to this amended guideline range and provides in Subparagraph (b) as follows:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term

>           of imprisonment the defendant has
>           already served.

Pursuant to this paragraph, the defendant is not entitled to a resentencing hearing but is simply entitled to an adjustment of his sentence using the new guideline level.  As this paragraph suggests, the Court is calculating the sentence it would have imposed at the time the defendant was originally sentenced, using the new guideline level.  For these reasons, defendant's motion for an evidentiary hearing will be denied.

The Court does find the defendant is entitled to a sentence adjustment under the retroactive guideline amendments. The Court has reviewed defendant's brief in support of his motion to reduce (Filing NO. 122), and finds defendant is entitled to a sentence adjustment under the retroactive guideline amendments. There is no authority to resentence defendant.

The retroactive amendment to the cocaine base guideline changes the total (final) offense level from 38 to 36, and the new sentence should be three hundred twenty-four (324) months imprisonment, based on the prior computation of specific offense characteristics, adjustments, and any departures.

IT IS ORDERED:

1) Said motions are granted in part; the sentence of the defendant is reduced to a term of three hundred twenty-four (324) months.  Defendant shall receive credit for all time served.  The conditions of supervised release entered in the

original judgment and committal order remain in full force and effect.

2) Defendant's request for evidentiary hearing and oral argument is denied.

DATED this 24th day of July, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
    LYLE E. STROM, Senior Judge
    United States District Court